J. & W. TOOL Co., INC., Respondent, v. JAMES SCHULZ, Appellant.

Supreme Court, Appellate Term, First Department, June 29, 1931.

*George W. Riley,* for the appellant.

*William H. Wack,* for the respondent.

PER CURIAM.   If the plaintiff intended to proceed under section 145 of the Personal Property Law (added by Laws of 1911, chap. 571) to recover damages for the breach by the defendant of his contract to accept and pay for the dies, it was necessary to establish the market value of the dies, if they had any market value. The plaintiff would then be entitled to recover the difference between the contract and the market price.   If the plaintiff intended to proceed under subdivision 3 of section 144 of the Personal Property Law (as amd. by Laws of 1925, chap. 560) to recover the price of the dies, it was necessary to establish that the dies could not readily be resold for a reasonable price and notice to the defendant that they were held by the plaintiff as bailee.   The record is destitute of any evidence concerning the market value of the dies or whether they could be resold for a reasonable price or whether the plaintiff gave notice to the defendant as required by section 144 (added by Laws of 1911, chap. 571).   For this reason the judgment must be reversed and a new trial ordered.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.